IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENDON AMERICA INSURANCE COMPANY,

        Plaintiff,

vs.

MATRISCOPE, INC., and JOHN OTTO, INC.,

        Defendant.
_____/

No. CIV S-07-0861 MCE GGH

FINDINGS AND RECOMMENDATIONS

        Plaintiff's application for entry of default judgment against defendant Matriscope, Inc., filed November 1, 2007, was submitted on the record.[1] Local Rule 78-230(h). Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

        On May 7, 2007, plaintiff filed the complaint in this declaratory relief action against defendant Matriscope, alleging that as insurance company for Matriscope, it had no duty to defend or indemnify Matriscope against claims asserted in an action filed by Natomas Park

---

[1] Plaintiff filed an earlier motion for default judgment on October 30, 2007, which is substantially the same as the one before the court.

1

1  Master Association in state court.  The summons and complaint were served on defendant
2  Matriscope by personal service on its agent for service, Jose Cabral, on June 26, 2007.  Fed. R.
3  Civ. P. 4(e)(2).  Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th
4  Cir. 1985) (default judgment void without personal jurisdiction).  Defendant Matriscope has
5  failed to file an answer or otherwise appear in this action.  On September 12, 2007, the clerk
6  entered default against defendant Matriscope.

7  The instant application for default judgment and supporting papers were served by
8  mail on defendant Matriscope at its last known address.  Defendant Matriscope filed no
9  opposition to the application for entry of default judgment.  Plaintiff seeks an entry of default
10  judgment in the form of a declaration that "Clarendon does not have an obligation to defend or
11  indemnify defendant Matriscope Inc. against the claims asserted in the lawsuit filed by Natomas
12  Park Master Association in the Superior Court of California, County of Sacramento case no.
13  06AS03360."

14  DISCUSSION

15  Entry of default effects an admission of all well-pleaded allegations of the
16  complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.
17  1977).  The court finds the well pleaded allegations of the complaint state a claim for which
18  relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).

19  Plaintiff's sole claim is that it owes no duty to defend or indemnify Matriscope in
20  the underlying state court action wherein defendant Otto has cross-claimed against Matriscope as
21  subcontractor on design and construction of properties at issue for which plaintiff Natomas Park
22  Master Association has numerous claims.  Otto's cross-complaint is for indemnity, declaratory
23  relief, breach of express and implied warranties, negligence and breach of contract.  Pl.'s Ex. B.
24  In the instant action, Otto has answered the complaint.  Plaintiff has included portions of the
25  policy providing commercial general liability coverage for Matriscope, indicating that its
26  coverage is for property damage and bodily injury only, and excludes, *inter alia*, professional

1 liability coverage.  Pl.'s Exs. D, E.  The declaration of Alan Swerdlow and documentation filed
2 in support of the application for entry of default judgment also support the finding that plaintiff is
3 entitled to the relief requested.

4 　　　　　The court is cognizant of the fact that normally a final decree on the merits of an
5 action may not be made against one of several defendants against whom a joint charge is
6 pending.  Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872) (involving a single
7 alleged joint fraud and resulting in inconsistent adjudications as to liability)[2]; see also Pfanstiel
8 Architects v. Choutreau Pet., 978 F.2d 430, 433 (8th Cir. 1992); In re Uranium Antitrust
9 Litigation, 617 F.2d 1248, 1256-58 (7th Cir. 1980) (holding that Frow does not apply to
10 defendants alleged to be jointly and severally liable, although the damages hearing should be
11 postponed until trial because claims were based on a single injury (a single price-fixing scheme);
12 accord, Dundee Cement Co. v. Howard Pipe and Concrete Products Inc., 722 F.2d 1319, 1324
13 (7th Cir. 1983)); Gulf Coast Fans v. Midwest Elec. Importers, 740 F.2d 1499, 1512 (11th Cir.
14 1984) (default judgment should not be entered against "similarly situated" defendants whose
15 alleged liability, along with that of the remaining defendants, rests on a single contract);
16 International Controls Corp. v. Vesco, 535 F.2d 742, 746-47 & n. 4 (2d Cir.1976) (Frow controls
17 "in situations where the liability of one defendant necessarily depends upon the liability of the
18 other.")  However, the instant case does not present a situation where entry of default judgment
19 raises a possibility of inconsistent liability adjudications.  Although the complaint seeks
20 reimbursement of all defense costs and expenses incurred by plaintiff in defending Matriscope in
21 the underlying state court action, the application for default judgment and proposed judgment
22 seeks only declaratory relief as outlined above.  Furthermore, this is not a case of joint liability
23 where uniformity of judgment is necessary to the theory of the case.  A judgment against

---

[2] Frow alleged a conspiracy by several defendants to defraud one plaintiff of title to real property.  Default judgment was entered against one defendant, although the others prevailed on the merits.  The Court found this result "unseemly and absurd, as well as unauthorized by law." 82 U.S. at 554.

3

1 Matriscope would not be inconsistent with any future ruling in regard to defendant Otto.
2 Accordingly, as there are no policy considerations which preclude the entry of default judgment
3 of the type requested, see Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986), this court
4 concludes that plaintiff is entitled to the relief requested.

5     In view of the foregoing findings, it is the recommendation of this court that
6 plaintiff's application for entry of default judgment be GRANTED.  Judgment for declaratory
7 relief should be rendered pursuant to Fed. R. Civ. P. 54(b) to the effect that plaintiff has no duty
8 to defend or indemnify defendant Matriscope Inc. against claims asserted in the state court
9 lawsuit filed by Natomas Park Master Association, case number 06AS03360, filed in the
10 Superior Court of California, County of Sacramento.  A proposed judgment has been lodged by
11 plaintiff and is approved as to form and substance.  A copy of the proposed judgment is
12 appended hereto.

13     These findings and recommendations are submitted to the United States District
14 Judge assigned to this case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
15 days after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties.  Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
18 shall be served and filed within ten days after service of the objections.  The parties are advised
19 that failure to file objections within the specified time may waive the right to appeal the District
20 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21 DATED: 05/05/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

24 GGH:076
Clarendon861.def.wpd

4